## Giachelli *v.* Christopher Columbus Italian Mut. Benefit Society, Appellant.

*Beneficial association—Sick benefits—By-laws—"or"—"and."*

Where the by-laws of a beneficial association provide that the association shall afford "pecuniary help for all sickness that renders the member unable to work or incapable of attending in any

way to his own affairs," the courts will not construe the word "or" to mean "and," so that the association shall not be liable for benefits except when a member is incapable of attending in any way to his own affairs.

Argued Oct. 23, 1917. Appeal, No. 161, Oct. T., 1917, by defendant, from judgment of C. P. Blair Co., March T., 1917, No. 218, for plaintiff n. o. v. in case of Dr. Pietro Giachelli v. Christopher Columbus Mutual Benefit Society. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for sick benefits.

At the trial the jury rendered a verdict for defendant.

On a motion for judgment n. o. v. BALDRIGE, P. J., filed the following opinion:

The plaintiff, a practicing physician, on January 1, 1906, sustained an injury to his leg, partially incapacitating him from discharging his professional duties. At the time of the injury and for several years prior thereto he was a member, in good standing, of the defendant society. He claimed that he was entitled to benefits under Article 110 of the defendant society's by-laws, which reads as follows:

"The society agrees to pecuniary help for all sickness that renders the member unable to work or incapable of attending in any way to his own affairs, after six months from the day on which the said member is admitted as an effective member of this association."

The defendant society refused to pay the benefits, averring that the word "or" should be interpreted "and," so that there should be no recovery unless the member be unable to work and incapable of attending in any way to his own affairs.

Suit was brought and the question of the defendant society's liability was submitted to the jury, as there was some testimony offered tending to establish the interpretation the members themselves placed upon this article.

528 GIACHELLI v. CHRISTOPHER C. I. M. B. S., Appel.

Opinion of Court below—Assignment of Error. [68 Pa. Superior Ct.

A verdict was rendered for the defendant, and a motion n. o. v. was made by the plaintiff.

A further consideration of the pleadings and testimony is convincing that there was no question of fact for the jury's determination. The provisions of the article were not involved nor ambiguous, and its construction was for the court: Kimbrough v. Hoffman, 6 Pa. Superior Ct. 60.

There was no testimony offered that the plaintiff knew of any construction placed upon the by-law other than that which the words themselves import. When by-laws are prepared and passed by an association, such association ought to be bound by the plain meaning of the words; no special construction ought to be necessary to ascertain their significance. When one enters an association he has the right to conclude that the by-laws mean what they say, and it is his duty to be obligated by their provisions, and it should be bound likewise. If the defendant association made a mistake in using the word "or" instead of "and" it should correct it by an amendment. Taking the by-law in the language we find it and placing the ordinary interpretation on the words, a member in good standing is entitled to recover thereunder for any sickness which renders the member incapable of attending in any way to his affairs. There was no question in this case that the word "sickness" did not contemplate the character of indisposition suffered by the plaintiff, the whole question hinged on whether the word "or" should be interpreted "and."

Words should be altered only where the meaning is obscure, or to make sense. This is not the case here.

The motion for judgment n. o. v. is sustained and judgment directed to be entered for the plaintiff in the sum of $42 with interest from January 1, 1916.

*Error assigned* was in entering judgment for plaintiff n. o. v. for $42.

GIACHELLI *v.* CHRISTOPHER C. I. M. B. S., Appel. 529
526, (1917).]        Opinion of the Court.

S. B. Hare, with him *Dively & Hemphill,* for appellant.

J. F. Sullivan, for appellee.

OPINION BY WILLIAMS, J., December 13, 1917:
The judgment in this case is sustained by and affirmed upon the opinion of President Judge BALDRIGE.